UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
SYRACUSE DIVISION

| | | |
|---|---|---|
| JUSTIN DOWNS, | ) | Case No. 5:19-CV-404[FJS/ATB] |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**Nature of this Action**

1. Justin Downs ("Plaintiff") brings this action against Midland Credit Management, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Section 227(b)(1)(A)(iii) of the TCPA provides, in pertinent part:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*   \*   \*

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States.

3. Section 1692d of the FDCPA provides, in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), as a portion of the acts and transactions giving rise to Plaintiff's action transpired in this district, and as Defendant transacts business in this district.

**Parties**

6. Plaintiff is a natural person.

7. At all relevant times Plaintiff resided in Syracuse, New York.

8. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal credit card (the "Debt").

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Defendant is a Kansas corporation with its principal place of business located at 3111 Camino Del Rio N, #1300, San Diego, CA 92108.

12. Defendant is a subsidiary of Encore Capital Group, Inc.

13. Defendant is in the business of collecting or attempting to collect consumer debts on behalf of third parties.[1]

---

[1] See https://www.midlandcreditonline.com/who-is-mcm/ (last visited March 14, 2019).

14. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. Upon information and belief, at the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**Factual Allegations**

18. Beginning in early September 2018, Defendant began repeatedly placing telephone calls to Plaintiff's cellular telephone number in an effort to collect an alleged debt.

19. Later in September 2018, Plaintiff placed a call to Defendant and asked Defendant to stop calling his cellular telephone number—(315) XXX-7050.

20. Defendant acknowledged Plaintiff's request, identified an outstanding balance on his personal credit card, confirmed that Defendant would place a note on his account indicating that Defendant would stop calling his cellular telephone number, and confirmed that he would no longer receive telephone calls from Defendant.

21. No matter, Defendant continued to place calls—over 60 of them—to Plaintiff's cellular telephone number.

22. Plaintiff answered additional calls from Defendant, in both September 2018 and November 2018, where he again asked Defendant to stop calling his cellular telephone number.

23. Defendant has nevertheless continued to place calls to Plaintiff's cellular telephone.

24. In fact, despite already placing several dozen telephone calls to Plaintiff's cellular telephone, Defendant continues to place telephone calls to Plaintiff's cellular telephone to the present day, at a rate of approximately one telephone call each day.

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone numbers by using an automatic telephone dialing system.

26. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone numbers by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related,

reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559 (Jan. 4, 2008).

28. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

29. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

30. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

31. Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place its calls to Plaintiff's cellular telephone number.

32. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

33. Plaintiff suffered actual harm as a result Defendant's calls in that he suffered an invasion of privacy, an intrusion into his life, and a private nuisance.

34. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent, in that it continues to place calls after being instructed to stop calling those numbers.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

35.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraphs 1-34.

36.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system or artificial or pre-recorded voice to place non-emergency calls to Plaintiff's cellular telephone number, absent prior express consent.

37.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff is entitled to damages in an amount to be proven at trial.

## Count II
### Violation of 15 U.S.C. § 1692d

38.     Plaintiff repeats and re-alleges each and every factual allegation included in paragraph 1-34.

39.     By calling Plaintiff after it was aware that Plaintiff had revoked consent to be called, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt. *See Gilmore v. USCB Corp.*, No. 5:17-CV-119 (MTT), 2017 WL 5230922, at *3 (M.D. Ga. Nov. 9, 2017) ("Taking the facts in the light most favorable to [the plaintiff], the Court notes that [the defendant], despite being informed it had the wrong number, has placed more than two calls to [the plaintiff's] cellular telephone number. . . . Thus, the Court concludes that [the plaintiff] has stated a claim for relief under § 1692d that is plausible on its face").

40.     Defendant's conduct did in fact harass Plaintiff, who has continued to deal with the stress and aggravation of receiving unwanted robocalls even after he asked Defendant to stop calling him.

41. As a result of Defendant's violations of 15 U.S.C. § 1692d, Plaintiff is entitled to damages in an amount to be proven at trial

## Trial by Jury

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Adjudging and declaring that Defendant violated 15 U.S.C. § 1692d;

c) Enjoining Defendant from continuing to place calls to Plaintiff's cellular telephone number;

d) Awarding Plaintiff damages under 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages under 47 U.S.C. § 227(b)(3)(C);

f) Awarding Plaintiff damages under 15 U.S.C. § 1692k;

g) Awarding Plaintiff reasonable attorneys' fees, costs, and expenses, pursuant to 15 U.S.C. § 1692k;

h) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

i) Awarding such other and further relief as the Court may deem just and proper.

Dated: April 3, 2019

Respectfully submitted,

/s/ *James L. Davidson*
James L. Davidson
Alexander D. Kruzyk (to seek admission *pro hac vice*)
Greenwald Davidson Radbil PLLC

7601 N. Federal Highway, Suite A-230
Boca Raton, Florida 33487
Tel: (561) 826-5477
Fax: (561) 961-5684
jdavidson@gdrlawfirm.com
akruzyk@gdrlawfirm.com